IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD DE LA GARZA, § | |
| (TDCJ-CID #1821775) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-14-0635 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Edward De La Garza, sues under 28 U.S.C. § 2254, challenging a 2012 state conviction. The respondent filed a motion for summary judgment with a copy of the state court record, and De La Garza filed a response. (Docket Entry Nos. 14, 15). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.    Background**

De La Garza pleaded guilty to the offense of burglary of a habitation with intent to commit aggravated assault with a deadly weapon. (Cause Number 1316671). On November 5, 2012, the state trial court sentenced De La Garza to a 20-year prison sentence. On August 25, 2013, De La Garza filed an application for state habeas corpus relief, which the Texas Court of Criminal Appeals denied without written order on February 19, 2014. *Ex parte De La Garza,* Application No. 80,567-01 at cover.

On March 13, 2014, this court received De La Garza's federal petition. De La Garza contends that his conviction is void for the following reasons:

(1)    He did not enter his guilty plea voluntarily because his trial counsel, Michael P. Fosher, disregarded his request for a jury trial.

(2)    Trial counsel rendered ineffective assistance by failing to conduct a pretrial investigation and by failing to interview witnesses who may have testified favorably for the defense.

(3)    The state court habeas denied him a hearing.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

The allegations are reviewed under the applicable legal standards.

## II.    The Applicable Legal Standards

De La Garza's petition for a writ of habeas corpus is reviewed under the federal habeas statutes amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

> State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

A state-court determination of questions of law and of mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, a federal court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000).

The state court's factual findings are reviewed under 28 U.S.C. § 2254(d)(2). The findings are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)). In addition, a state court's factual findings are presumed correct under 28 U.S.C. § 2254(e)(1) unless they are rebutted by "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to the state court's express factual findings, but also to the implicit findings. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)). Section 2254(e)(1)'s mandate that a state court's fact findings are "presumed to be correct" overrides the ordinary rule that, in deciding a summary judgment motion, the court takes disputed facts in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence," the state court's findings of fact must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

De La Garza is a *pro se* petitioner. *Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). De La Garza's state and federal habeas petitions are broadly interpreted. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. The Claim that the Guilty Plea Was Involuntary

De La Garza claims that his guilty plea was involuntary because counsel, Fosher, coerced him to enter the plea. A federal court upholds a guilty plea challenged in a habeas corpus proceeding if

the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," a federal habeas court will uphold the guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on November 5, 2012, De La Garza appeared in open court and entered a plea of guilty. (Docket Entry No. 11-1, State Court Record, pp. 63-68). The state court admonished De La Garza, in writing, as to the nature of the offense charged—burglary of a habitation with intent to commit aggravated assault with a deadly weapon—and the punishment range. (*Id.* at 65). De La Garza signed a document containing thirteen statements and waivers, and put his initials beside each. The document stated, in part:

> (1) I am mentally competent and I understand the nature of the charge against me;
>
> (2) I understand the admonishments of the trial court set out herein;
>
> (3) I hereby WAIVE the right to have the trial court orally admonish me;

(4)   I WAIVE the right to have a court reporter record my plea;

(5)   I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein and I understand the consequences, as set out above, should the trial court accept or refuse to accept the plea bargain or plea without an agreed recommendation;

(6)   I understand that before sentence may be imposed, the Court must order preparation of a Presentence Investigation Report by the probation officer pursuant to Article 42.12, Sec. 9, V.A.C.C.P. I have thoroughly discussed this matter with my attorney and believe that for the Court to compel me to participate in the preparation of such a report would abridge the protection provided me by the Constitution of the United States and the Constitution and laws of the State of Texas and could result in further prejudice to me. Therefore, I hereby in writing respectfully decline to participate in the preparation of a Presentence Investigation Report and request that said report not be made prior to the imposition of sentence herein. I further knowingly, voluntarily, and intelligently waive any right which I may have to the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P;

(7)   I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec. 3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred;

(8)   I further understand that if I was under 21 years of age at the time I committed the offense of driving while intoxicated, or an offense involving the manufacture, possession, transportation or use of an alcoholic beverage, or the manufacture, delivery, possession, transportation or use of a controlled substance, dangerous drug or simulated controlled substance that my Texas driver's license or my

privilege to obtain a Texas driver's license and a driver's license in many other states will be automatically suspended for one (1) year from the date sentence is imposed or suspended in open court and that my driver's license suspension shall remain in effect until I attend and successfully complete an alcohol education program in this state. And, if I am over 21 years of age and I receive a final conviction or a suspended sentence for driving while intoxicated, or for violating the Controlled Substances Act, or a drug offense, my Texas driver's license will be suspended, and will remain suspended until I successfully attend and complete a drug or alcohol education program as prescribed by law, report the successful completion to the Court in which I was convicted, and the Texas Department of Public Safety receives notice of the completion. I also understand that I may be eligible to receive a restricted license from the court during this period of suspension.

(9) fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

(10) I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney;

(11) I read and write/understand the English language; the foregoing Admonishments, Statements, an Waivers as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, were read by me or were read to me and explained to me in that language by my attorney and/or an interpreter, namely Mike Fosher, before I signed them, and I consulted fully with my attorney before entering this plea;

(12) Waiver of Indictment: I am the Defendant in the above felony information. My attorney has explained to me my right to be prosecuted by grand jury indictment, which I hereby waive, and I consent to the filing of the above felony information.

(13) I have been convicted of a felony offense.

Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea. I am mentally competent to stand trial and my plea is freely and voluntarily made. If my counsel was appointed, I waive and give up any time

> provided me by law to prepare for trial. I am totally satisfied with the representation provided by my counsel and I received effective and competent representation. Under Art. 1.14 V.A.C.C.P. I give up all rights given to me by law, whether of form, substance or procedure. Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross-examination of the witnesses. I consent to oral and written stipulations of evidence in this case. I have read the indictment and I committed each and every element alleged. I waive and give up my right of confidentiality to the pre-sentence report filed in the case and agree that the report may be publicly filed. Under oath, I swear that the foregoing and all the testimony I give in this case is true.

(Docket Entry No. 11-1, State Court Record, pp. 67-68).

By initialing each statement, De La Garza acknowledged that he was pleading guilty and that the State would recommend a 20-year prison term; that he fully understood the consequences of the plea and had consulted with counsel; and that he freely and voluntarily entered his plea with his counsel's approval. De La Garza's signature indicates that he understood the nature of the charge against him and the consequences of his plea.

De La Garza also signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION." By his signature, De La Garza stated that he waived his constitutional rights to a jury trial; to the appearance, confrontation, and cross-examination of witnesses; and to his right against self-incrimination. (Docket Entry No. 11-1, State Court Record, p. 63). De La Garza attested to the truth of the allegations in the indictment and confessed that he had committed the alleged acts on July 28, 2008. De La Garza, his attorney, and the State executed this document. De La Garza's lawyer also signed the plea and a statement that he had fully discussed the plea and its consequences with De La Garza and believed that the plea was knowing and voluntary. (*Id.* at 64). By signing each of the documents and pleading guilty, De La

Garza made declarations entitled to significant weight. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court gives them evidentiary weight. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state trial court determined that De La Garza had entered his plea knowingly and voluntarily after discussing the case with his attorney. (Docket Entry No. 11-1, State Court Record, pp. 57, 64). The Texas Court of Criminal Appeals also denied relief. On habeas review, the federal courts are bound by the state court's credibility choices and presume the fact findings correct if supported by the record. *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990). The record supports the state court's explicit finding that De La Garza's guilty plea was voluntary. The record shows that De La Garza voluntarily entered a guilty plea after consulting with counsel. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. De La Garza's habeas claim based on the involuntariness of his guilty plea lacks merit. 28 U.S.C. § 2254(d)(1).

## IV. The Claim of Ineffective Assistance of Counsel

De La Garza claims that he did not receive effective assistance of counsel because he failed to conduct an adequate pretrial investigation. The relevant inquiry is whether his counsel's performance interfered with De La Garza's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, claims of ineffective assistance of counsel are waived except insofar as the alleged ineffectiveness relates to the

voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Strickland v. Washington,* 466 U.S. 668 (1984); *Hill v. Lockhart,* 474 U.S. 52 (1985); *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was no prejudice. There is no need to decide both issues if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is a reasonable probability that absent counsel's errors, the defendant would not have pleaded guilty and instead insisted on a trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.

De La Garza alleges that his attorney relied on statements given to the police and statements given to an investigator hired by the codefendants. De La Garza asserts that a pretrial investigation would have disclosed a witness with favorable testimony.

In his affidavit to the state habeas court, counsel testified as follows:

> I was the attorney for EDWARD DELAGARZA. He was originally charged with Capital Murder in Cause No. 1176445 in the 179th District Court. His brothers, Richard Deleon and Gabriel Deleon were also charged as co-defendants. The date of the offense was July 28, 2008 and I was appointed to represent Mr. Delagarza on August 5, 2008. Mr. Delagarza was indicted on October 24, 2008 for the offense of Capital Murder in that he had unlawfully, while in [t]he course of committing and attempting to commit the Burglary of a Habitation owned by Jessica Gutierrez, intentionally cause of death of William Douglas by stabbing William Douglas with a deadly weapon, namely a knife.
>
> During my investigation and representation of Mr. Delagarza I collaborated with Gerald Bourque, attorney for co-defendant Richard Deleon wherein we exchanged information, offense reports, investigators notes and reports, etc.
>
> . . .
>
> 3. PLEASE STATE WHETHER WITNESS, JESSICA GUTIERREZ, WAS EVER SPOKEN TO. WHY OR WHY NOT? IF INVESTIGATION WAS LIMITED, PLEASE EXPLAIN.
>
> Mr. Delagarza now alleges that Jessica Gutierrez, the complainant in the new indictment would come to Court and testify that he, Edward Delagarza never assaulted her or burglarized her house and he claims that I never talked to Jessica Gutierrez and that I told him that I would. During my representation of Mr. Del[a]garza, he never mentioned the name of Jessica Gutierrez. Jessica Gutierrez was the complaining witness in the new indictment for the burglary of a habitation with the intent to commit aggravated assault. Ms. Gutierrez was interviewed by co-counsel's investigator which I was privy to and had copies of his report. There was no need for us to talk to her again before trial. Also according to her statement to police she would testify that she was the owner and had possession of the apartment on the day of the alleged offense and that she would testify that she and

her sister, Victoria, lived there and Christine Martinez and Kasandra Rodriguez were also there and when Mr. Delagarza and his brother, Richard Deleon, broke into the apartment, kicked the door in and Edward began to yell at Richard to fuck her up, fuck her up indicating Christine. Jessica Gutierrez then runs down to Dartantin's apartment to get help. Dartantin, William and Jason ran upstairs.

Jessica at that point stayed downstairs and didn't see the resulting altercations. It is not plausible to contend that Jessica Gutierrez would now deny what she told the police and our investigator was not true and would testify for the defense. Mr. Delagarza's fails to recognize the fact that to be convicted he did not have to have the intent to assault Jessica but could have had the intent to assault anyone else in the apartment. There would be testimony by a twelve year old that Edward specifically assaulted her with threats and that appellant had made an attempt to stab one of the children in the house by the name of Michelle Rodriguez. To summarize this point since co-counsel's investigator had already obtained a statement from Jessica Rodriguez there was no further need to obtain another statement from her since we knew what her testimony would be and that it was not going to be helpful to our defense. Also Mr. Delagarza never during my representation ever mentioned her or that she would be helpful to us.

In conclusion Mr. Delagarza decided that it was in his best interest to accept the State's plea offer of 20 years in TDCJ instead of taking a risk of going to trial where he could receive upon conviction punishment from five to ninety-nine years or life in prison. He was also aware that under the circumstances of this case if convicted the result from a jury would be in all likelihood on the higher end of the range of punishment. Mr. Delagarza made his decision of his own free will without any coercion, with[]out any intimidation, and without any threats. This was his decision only and based on everything involved in this case he made a reasonable choice.

The state habeas court found:

> 5. The applicant's counsel reviewed the statement that witness Jessica Gutierrez gave the police, and the statement that Gutierrez gave to the codefendant's investigator.
>
> 6. The applicant has not presented any evidence of what further investigation would have shown.

(Docket Entry No. 11-1, State Court Record, p. 57).

The state habeas court concluded:

> 1. The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).

(Docket Entry No. 11-1, State Court Record, p. 58).

This court presumes the state court's factual findings correct. De La Garza has failed to rebut the findings. 28 U.S.C. § 2254(d)(2). The record shows that counsel reviewed the evidence against De La Garza and advised him about the legal options and the advantages and disadvantages of each. Based on his review of the evidence and his knowledge of the law, counsel told De La Garza that he should enter a plea of guilty. Counsel's actions were based on well-informed strategic decisions, and they are well within the range of practical choices not to be second-guessed. The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

The record also fails to show a reasonable probability that but for counsel's alleged unprofessional errors, De La Garza would not have entered a guilty plea. He received a 20-year prison term when he pleaded guilty. A trial exposed him to a prison sentence ranging from 5 to 99 years. There is no basis for an inference that he would have gone to trial had another potential witness been interviewed.

On habeas review, the state trial court found that De La Garza had voluntarily entered his guilty plea. The Texas Court of Criminal Appeals denied relief. The decisions were not contrary to clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). De La Garza's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## V. The Claims Based on Errors in the State Habeas Proceedings

De La Garza alleges that the state habeas court denied him a fair hearing. The infirmities in state habeas proceedings on habeas review that De La Garza alleges are not grounds for habeas relief in federal court. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.), *cert. denied*, 118 S. Ct. 576 (1997); *see Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). De La Garza has not identified an error affecting the deference due the state court's findings in the habeas proceedings. The claim for habeas relief on this basis is without merit.

## VI. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 14), is granted. De La Garza's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability from a district court's denial of habeas relief. 28 U.S.C. § 2253(c)(2). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability,

an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322 (2003)(citing 28 U.S.C. § 2253(c)(1)). A certificate of appealability will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citation and internal quotation marks omitted). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336. Rather, "'[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 338 (citing *Slack v. McDaniel*, 529 U.S. 473, 484).

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The court finds that De La Garza has not made a substantial showing of the denial of a constitutional right." A certificate of appealability is not issued.

SIGNED on May 19, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge